[No. A018154. First Dist., Div. Four. Sept. 11, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES C. SOMERSET, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts I, II B and II C are not published, because they do not meet the standards of publication contained in rule 976(b), California Rules of Court.

## COUNSEL

Sondra Lee Utz, under appointment by the Court of Appeal, Patricia Harigan Bloom and Digna L. Aguirre for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Granucci, Deputy Attorney General, and Barbara Zuniga, Acting Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**POCHÉ, Acting P. J.**—Defendant James C. Somerset was charged by information with the murder of James Ross (Pen. Code, § 187)[2] with the use

---

[2]Unless otherwise indicated, all further statutory references are to the Penal Code.

of a deadly weapon (a knife) (§ 12022, subd. (b)). After initially having been found incompetent to stand trial, he was later deemed competent and entered pleas of not guilty and not guilty by reason of insanity (NGI). After the trial on his not guilty plea (the guilt phase) the jury found defendant guilty of murder in the second degree and found the use allegation to be true. Following the trial on his plea of not guilty by reason of insanity (the sanity phase) the jury found him not legally sane. He was thereafter committed to Atascadero State Hospital for the maximum term of 16 years to life. This timely appeal from the order of commitment follows.[3]

## I.[4]

. . . . . . . . . . . . . . . . . . . . . . . . .

*Review*

## II.

## A.

██ Initially we consider the Attorney General's claim that defendant cannot complain of any errors which occurred during the guilt phase because the NGI finding has rendered that proceeding moot. We are persuasively unpersuaded.

In 1968, the Legislature amended section 1237 to provide that an appeal may be taken by a defendant from "the commitment of a defendant for insanity" and that such an order of commitment "shall be deemed to be a final judgment within the meaning of this section." (§ 1237, subd. 1; see Stats. 1968, ch. 315, § 2, p. 685.) On an appeal taken by a defendant, the appellate court may review "any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment . . . which affected the substantial rights of the defendant." (§ 1259.) The events at the guilt phase clearly affect the substantial rights of one found not guilty by reason of insanity because a valid guilt determination is a prerequisite to any NGI commitment (§ 1026, subd. (a); *People* v. *Superior Court (John D.)* (1979) 95 Cal.App.3d 380, 390 [157 Cal.Rptr. 157]) and one cannot be institutionally confined for longer than

---

[3]An order of commitment is appealable. (§ 1237, subd. 1; *People* v. *Wetmore* (1978) 22 Cal.3d 318, 323 [149 Cal.Rptr. 265, 583 P.2d 1308]; *People* v. *Vanley* (1974) 41 Cal.App.3d 846, 848, fn. 1 [116 Cal.Rptr. 446].)

[4]See footnote 1, *ante.*

the maximum term of commitment provided for the underlying offenses. (§ 1026.1; *In re Moye* (1978) 22 Cal.3d 457, 460 [149 Cal.Rptr. 491, 584 P.2d 1097].)

Notwithstanding this clear statement by the Legislature, the Attorney General makes its claim by relying on *People* v. *Yeckley* (1981) 118 Cal.App.3d 874 [173 Cal.Rptr. 645]. In order to avoid repetition of this contention in the future, we proceed to show how and why the Attorney General is misreading *Yeckley*.

In *Yeckley* the defendant was found not guilty by reason of insanity as to four counts, including assault to commit murder and second degree murder. On appeal his position was: (1) that the evidence was insufficient to support the jury's verdict of second degree murder; and (2) that the jury's insanity verdicts constituted a finding, that as a matter of law he was unable to entertain the required specific intent with respect to the assault and the murder charges. Accordingly, he requested the Court of Appeal to reverse those convictions or, in the alternative, to modify them to lesser included offenses not requiring the mental states of specific intent or malice. (*Id.*, at pp. 876-878.)

The Court of Appeal reviewed the first contention and concluded that the evidence was sufficient to support the murder conviction. (At pp. 877-878.) As to the second contention, the court found that the defendant misunderstood the purpose and effect of the statutes relating to pleas and findings of not guilty by reason of insanity in California. (At p. 878.) Thus, the court explained, "It will thus be seen that Yeckley was neither convicted of, nor is he being punished for, the crimes of assault with intent to commit murder (count one), or murder (count three). Nor does his commitment to a state hospital depend to any degree upon the jury's finding of 'specific intent' or 'malice.' *Those findings, establishing 'guilt', were effectively invalidated upon the jury's subsequent 'insanity verdicts, and are now wholly irrelevant to Yeckley's appeal.*" (At p. 879, italics added.)

We read the italicized language quite differently from the Attorney General: It is nothing more than a direct response to the defendant's contention that a finding of insanity is inconsistent with the earlier finding of guilt. The answer given by the court is that a finding of insanity has nothing to do with and cannot—in and of itself—be used to invalidate the finding of guilt. Any other reading of the underscored language would erase what we have shown

to be the explicit statement by the Legislature that issues concerning the guilt phase are reviewable in an appeal from the order of commitment.[6]

For these reasons, we reject the Attorney General's claim that errors occurring during the guilt phase are not reviewable on an appeal from an order of commitment following a jury finding of not guilty by reason of insanity, and proceed to reach the merits of defendant's contentions.

## B.[7]

. . . . . . . . . . . . . . . . . . . . . . . . .

## III.

### Conclusion

Although numerous instructional errors occurred at the guilt phase, the only prejudicial error was the failure to reinstruct the jury on voluntary manslaughter due to diminished capacity. Accordingly, the verdict of second degree murder cannot stand. The Attorney General, after consultation with the district attorney, has requested this court to reduce the conviction from second degree murder to voluntary manslaughter. Because the evidence amply supports a conviction of voluntary manslaughter, we grant that request.

The order of commitment is modified by striking all reference to conviction under section 187 (second degree murder) and substituting therefor conviction under section 192, subdivision 1 (voluntary manslaughter). As modified the order of commitment is affirmed. The cause is remanded to the trial court with directions to recompute defendant's maximum term of commitment.

Panelli, J., and Travis, J.,* concurred.

On October 5, 1984, the opinion and judgment were modified to read as printed above.

---

[6]In addition the reading suggested by the Attorney General would make the Court of Appeal in *Yeckley* look foolish, for if they meant to say that guilt phase issues are not reviewable on an appeal from an order of commitment, why would they have reviewed the merits of the defendant's claim that the evidence was insufficient to support the jury's verdict finding him guilty of second degree murder?

[7]See footnote 1, *ante.*

*Assigned by the Chairperson of the Judicial Council.